IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM A. GAWRONSKI, # 330-984    \*
        Plaintiff,
   v.                             \*    CIVIL ACTION NO. RDB-06-3441

WARDEN                           \*
        Defendant.
                               \*
                            \*\*\*\*\*\*

## **MEMORANDUM OPINION**

Before the Court is a *pro se* 42 U.S.C. §1983 complaint for injunctive relief, as supplemented, filed by William A. Gawronski, an inmate at the Western Correctional Institution (WCI).[1] Gawronski seeks a temporary restraining order to place him in protective custody. Complaint.

Gawronski claims that the Black Gorilla Family (BGF) prison gang placed a death contract on him after he witnessed a stabbing at the Roxbury Correctional Institution. As a result, Gawronski has been transferred to a number of different penal institutions for his protection. *See id.* Gawronski is currently in an administrative segregation unit at WCI. He states, however, "I need protection. I have been all through the system and it all boils down to the death threats. I'm safe no where. They have a protective custody unit in this inst. Would you please put me on p.c. until my mandatory release in April, 2007." *Id.* at 4.

The Office of the Attorney General of Maryland, through counsel, has filed a response with verified exhibits.[2] Def. Response. These records show that Gawronski is presently housed in

---

[1] Plaintiff has also filed a motion to proceed *in forma pauperis* which will be granted by separate order.

[2] On January 1, 2007, the Court issued an Order to Show Cause requiring the Office of the Attorney General of Maryland to respond within fourteen days in light of the serious questions raised in the Complaint concerning Plaintiff's safety.

administrative segregation at WCI where he is separated from the general prison population. *See id.* Upon review of the pleadings, exhibits, and applicable law, the Court concludes that emergency injunctive relief is not warranted. [3] .

## I. Factual Background

Gawronski's records demonstrate that due to claims of gang threats, Gawronski has been placed on administrative segregation at every institution where he has been confined. Resp. Ex. 1. Gawronski is presently on administrative segregation at WCI. *See id.* His current mandatory supervision release date is May 22, 2007. *See id.*

WCI Case Management Specialist/Litigation Coordinator Jeffrey Nines attests in the declaration filed with the Court that Gawronski is on administrative segregation "pending investigation after he alleged to have provided staff members at the Central Laundry Facility (CLF) the whereabouts of a cellular phone within that facility" and will remain there until the current investigation is complete. Def. Ex. 1, Declaration. Nines states that Gawronski currently does not meet the criteria for placement in Protective Custody as outlined in Division of Correction Directives 100-142 to 100-144. "However, if his allegation can be substantiated at the conclusion of the Administration's investigation, PC could be an option at that point." *Id.*

On January 5, 2007, the Court directed Gawronski to provide specific reasons why he believes that he is not safe on administrative segregation. In his supplement, filed January 22, 2007, Gawronski states: "...I am in WCI for the second time and request protective custody status instead of administrative segregation where I could at least move around use the phone when I want and exercise, etc." Plaint. Supp. p. 1, Part III.

---

[3] The Court will direct counsel for Defendant to file a status report in forty-five days indicating the results of the investigation into Gawronski's claims and the actions taken to ensure his safety.

**II. Injunctive Relief**

In order to obtain injunctive relief, the following criteria must be satisfied: (i) the likelihood of irreparable harm if the preliminary injunction is denied; (ii) the likelihood that Defendant will not be harmed if the requested relief is granted; (iii) the likelihood of success on the merits; and (iv) the public interest will be served. *See Blackwelder Furniture Co. v. Selig Manufacturing Co.*, 550 F.2d 189, 195-96 (4th Cir. 1977); *Yakus v. United States*, 321 U.S. 414 (1944).  Under this standard, and upon review of Gawronski's claims and the verified records provided to the Court, emergency injunctive relief is not warranted.  Gawronski neither alleges nor provides any factual basis why he is in immediate danger of harm if he remains on administrative segregation.  In fact, the only reason he gives to support reassignment from administrative segregation to protective custody is that he will be able to exercise, use the phone, and move around more freely prior to his release in May. Without more, there is no basis here to compel Gawronski's placement in protective custody.

**III. Conclusion**

A separate Order consistent with this Memorandum Opinion will be entered denying emergency  injunctive relief, quashing the Order to Show Cause, and directing counsel to file a status report within forty-five days.


<u>January 31, 2007</u>                          /s/
Date                                              RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE